UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEOSYNFUELS, LLC ,                                    :
                                                      :
                        Plaintiff,                    :
                                                      :
        -against-                                     :   No.08-CV-7021 (SHS) (AJP)
                                                      :
JOHN D. SANTOLERI and ERNEST H.                       :
POMERANTZ, as co-Executors of                         :
The Estate of ADAM SOLOMON; and                       :
CHARLES SCHWAB & CO., INC. in its capacity            :
as Custodian of the Individual Retirement Account     :
of ADAM SOLOMON                                       :
                                                      :
                        Defendants.                   :
------------------------------------------------------------X

**NOTICE OF SERVICE OF MAGISTRATE JUDGE PECK'S AUGUST 12, 2008 ORDER**

3331000NOTDTM.00001.wpd

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                            : ss.:
COUNTY OF NEW YORK   )

Elba DeJesus, being duly sworn, deposes and says:

I am over the age of 18 years; I am not a party to the within action; and I reside in Jersey City, New Jersey.

On the 12th day of August, 2008 I caused to be served the annexed Order by the Honorable Andrew J. Peck, United States Magistrate Judge upon:

> John Santoleri
> 101 West 67th Street, Apt 52A
> New York, NY 10023
>
> Ernest Pomerantz
> 430 East 84th Street
> New York, NY 10028
>
> Curt Mueller, Esq.
> Charles Schwab & Co., Inc.
> Office of Corporate Counsel
> 101 Montgomery Street 120KNY 04101
> San Francisco, CA  94104

by having had delivered by Federal Express a true copy thereof.

_____
Elba DeJesus

Sworn to before me this
12th day of August, 2008

_____
Notary Public

CIELO RENTA
Notary Public, State of New York
No. 01RE6130705
Certified in Queens County
Commission Expires July 18, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/12/08

GEOSYNFUELS, L.L.C.,

        Plaintiff,

-against-

JOHN D. SABTOLERI, et al.,

        Defendants.

------------------------------------------------------------- x

08 Civ. 7021 (SHS) (AJP)

<u>ORDER</u>

**ANDREW J. PECK, United States Magistrate Judge:**

    This case has been referred to me by Judge Stein for general pretrial purposes.

    The parties are advised to provide my chambers with a courtesy copy of all papers hereafter filed with the Court in this matter.

    As soon as defendant has responded to the complaint or counsel for defendant has appeared, whichever first occurs, the parties shall call my secretary (at 212-805-0036) to schedule the Initial Pretrial Conference.

    Plaintiff is to serve this Order on defendant or defendant's counsel.

    The parties are to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is enclosed.

    SO ORDERED.

DATED:    New York, New York
             August 12, 2008

_____
Andrew J. Peck
United States Magistrate Judge

Copies <u>by fax & ECF</u> to:    Howard S. Veisz, Esq.
                              Judge Sidney H. Stein

C:\ORD\Referral Notice

a/o 4/5/05

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

Unless otherwise ordered by Judge Peck, matters before Judge Peck shall be conducted in accordance with the following practices. These practices are applicable to matters before Judge Peck if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Peck pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.

## 1. Communications With Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at 212-805-0036.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 15 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 212-805-7933.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Judge Peck's secretary, Patricia Blake, at 212-805-0036.

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance. <u>Extension requests usually will not be granted unless they are made reasonably in advance of the date(s) sought to be extended.</u>

2. Motions

    A. **Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, pre-motion conferences are not required.

    B. **Courtesy Copies.** Courtesy copies of all motion papers, pleadings, objections and other Court filings (including any correspondence to the District Judge), marked as such, should be submitted for chambers, including in ECF cases. Courtesy copies are to be provided to Judge Peck's chambers at the time the papers are served on the adversary, regardless of when the motion papers are filed and regardless of whether the motion will be decided by Judge Peck or the District Judge.

    C. **Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

    D. **Filing of Motion Papers.** Motion papers shall be filed promptly after service.

    E. **Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

    F. **Briefing Schedule.** Papers in opposition to a motion are to be served two weeks after service of the motion and reply papers (if any) one week thereafter, unless a different schedule has been ordered by the Court.

3. Pretrial Procedures

    A. **Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or within 30 days of decision by the Court of a case-dispositive summary judgment motion, the parties shall submit to the court for its approval a joint pretrial order, which shall include the information required by Federal Rule of Civil Procedure 26(a)(3) plus the following:

        i. The full caption of the action.

        ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

        iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject

2

matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

 iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

 v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

 vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

 vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, <u>along with the Proposed Pretrial Order</u>:

 i. In jury cases, requests to charge and proposed voir dire questions, and <u>where applicable, a proposed special verdict form. The parties must submit a single, unified set of proposed jury instructions on the law applicable to the specific case; where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction</u>. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect;

 ii. In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

 iii. In all cases, motions addressing any evidentiary or other issues which should be resolved <u>in limine</u>; and

 iv. In any case where such party believes it would be useful, a pretrial memorandum.

 v. In all cases, <u>copies of each party's pre-marked trial exhibits</u>.

<u>Copies of Judge Peck's "standard" jury instructions on the trial process and "standard" voir dire questions are available from chambers.</u>

3

## 4. Other Information

   **A. "Rocket Docket":** The parties should be aware that Judge Peck runs a "rocket docket." Discovery disputes should be brought to the Court's attention promptly; in the Court's discretion, belated applications to compel discovery may be denied as untimely.

   **B. Document Production Numbering:** All documents produced in discovery are to be number stamped. See Douglas v. Victor Capital Group, 96 Civ. 6557, 1997 WL 716912 at *3 (S.D.N.Y. Nov. 17, 1997) (Peck, M.J.).

   **C. Orders In ECF Cases:** Counsel are responsible for obtaining copies of Court decisions and orders from the Court's PACER system in ECF cases. Chambers will not necessarily fax or mail hard copies of decisions and orders to counsel in ECF cases.

[AJP Rev. as of 4/5/05]